**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

FRANKLIN ALEXIS LINAREZ VILCHEZ,
by and through next friend,
EMILY CHAFFIN,

                      Petitioner,

v.                                  CIVIL ACTION NO. 3:26-0261

DAVID KLUEMPER,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
TODD M. LYONS,
Acting Director,
United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
Acting United States Attorney General,
in their official capacities,

                      Respondents.

**ORDER TO SHOW CAUSE AND TEMPORARILY ENJOINING TRANSFER OF
PETITIONER PENDING DISPOSITION OF PETITION**

Pending before the Court are Petition for Writ of Habeas Corpus (ECF No. 1) and Motion

for Immediate Order to Show Cause, ECF No. 3, filed by Petitioner Franklin Alexis Linarez

Vilchez, by and through his next friend and co-worker, Emily Chaffin.

Petitioner states that Petitioner, a citizen and national of Honduras, is in, what is believed

to be, civil and administrative detention in custody of Immigrations and Custom Enforcement

(ICE). *Id.* ¶ 17. According to the Petition, Petitioner was arrested on Sunday, April 12, 2026, in or

around Winfield, West Virginia. *Pet*. ¶¶ 1, 16. Petitioner states that, as of the filing of this Petition, Petitioner is "most likely" in the immediate control of Respondent, David Kluemper, Supervisory Detention and Deportation Officer overseeing the Poca, West Virginia ICE processing center. *Pet*. ¶¶ 7, 10. Petitioner asserts that venue is proper in this District stating that, "Immediately before filing, counsel was advised by Respondent Kluemper that Petitioner is en route to Moshannon Valley [(Pennsylvania)]. However, it is counsel's belief that Petitioner is still in this District as of the time of filing . . .." *Pet*. 3 n.1. Petitioner also states that "As of the time of filing, it appears that Petitioner is being held in the Calabria County Prison in Ebensburg, Pennsylvania." *Mot. for Immediate Order to Show Cause and Immediate Order Preventing Removal or Transfer of Pet'r Pending Disposition of Pet.* 5 n.1, ECF No. 3.

"Writs of habeas corpus may be granted by...the district courts...within their respective jurisdictions." 28 U.S.C. § 2241(a)). Habeas corpus "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). There are exceptions in certain circumstances. *See Suri v. Trump*, 785 F.Supp.3d 128, 138 (E.D. Va. 2025).

The Court will expeditiously address any challenge of jurisdiction while preventing any delay in addressing the habeas petition if jurisdiction is proper in the Southern District of West Virginia.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Respondents **SHALL** file a written response to **SHOW CAUSE**, if any, as to why the Petition should not be granted, no later than 1:00 PM, Thursday, April 16, 2026. The response shall indicate whether the Respondents have a good faith basis to assert that they will present arguments in this case that have not previously been considered and rejected

by this Court. Petitioners shall have an opportunity to file a reply by Friday, April 17 at 8:30 AM.

2. This matter shall be heard by this Court on Friday, April 17, 2026, at 1:30 PM.

3. To the extent Respondents intend to assert that jurisdiction and/or venue in the Southern District of West Virginia is improper in this case, Respondents shall file any such objections within twenty-four hours of entry of this Order. Petitioner shall file any reply to any filed objections no later than twenty-four hours following Respondents' filing of the objections.

4. Respondents **SHALL NOT** remove or facilitate the removal of Petitioner and/or his property from the United States, or transfer Petitioner to a location further from the Southern District of West Virginia than where he is presently located, pending further order of the Court. If no objection is filed challenging custody at time of filing, Respondents shall **IMMEDIATELY RETURN** Petitioner to the Southern District of West Virginia.

5. Respondents shall **FORTHWITH, IMMEDIATELY, AND IN NO EVENT LATER THAN MONDAY, APRIL 13, 2026**, afford Petitioner a reasonable opportunity to confidentially consult with counsel and shall take all necessary steps to facilitate such communication.

6. Upon receipt of this Order, Respondents shall promptly ensure that all of Petitioner's property seized incident to detention, including any vehicle(s), is accounted for and that all such property can be immediately made available to Petitioner in the event Petitioner is released. To the extent Petitioner's property has already been removed from this jurisdiction, Respondents shall take all necessary steps to ensure that said property can be

immediately made available to Petitioner **at the time of his release** in the event Petitioner is released.

7. Service of this Order shall be made by Petitioner on the United States Attorney for the Southern District of West Virginia by 2:00 PM on Monday, April 13, 2026, and shall constitute good and sufficient service on Respondents.

ENTER:        April 13, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-4-