**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

FRANKLIN ALEXIS LINAREZ VILCHEZ,

             Petitioner,

v.                                    CIVIL ACTION NO. 3:26-0261

DAVID KLUEMPER,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
TODD M. LYONS,
Acting Director,
United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
Acting United States Attorney General,
in their official capacities,

             Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed by Petitioner Franklin Alexis Linarez Vilchez.[1] ECF No. 1 (Am. Pet. ECF No. 13-1). Also pending is a Motion to Dismiss filed by Respondents David Kluemper, Supervisory Detention and Deportation Officer of United States Immigration and Customs Enforcement ("ICE"); John Rife, Field Office Director, Philadelphia Field Office of ICE; Todd M. Lyons, Acting Director of ICE;

---

[1] The Petition was originally filed by and through his next friend and co-worker, Emily Chaffin. ECF No. 1. The Petition was amended once Petitioner's counsel made contact with Petitioner himself. *See Am. Pet.,* ECF No. 13-1.

Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, Acting United States Attorney General, (collectively the "Government"). ECF No. 9 ("Gov't's Mot."). The Government moves to dismiss, or in the alternative, transfer venue to the Western District of Pennsylvania, arguing this Court lacks jurisdiction and venue. *Gov't's Mot.* 7. For the reasons stated herein, the Court **DENIES** the Government's motion.

## BACKGROUND

Before the Court is another habeas corpus petition filed by an undocumented individual challenging his current physical custody and requesting immediate release. *Pet.* ¶¶ 1-3. The Court entered an Order to Show Cause and Order Preventing Removal or Transfer of Petitioner, which, in part, prevented any transfer of Petitioner to a jurisdiction further from the Southern District of West Virginia than he already is. *Order*, ECF No. 6. The Order directed the Government to address objections based on this Court's jurisdiction and venue within twenty-four hours and directed Petitioner to reply within twenty-four hours of the Government's filing. *Id*. at 3. The Court then ordered the Government to file a reply to its motion to dismiss based on jurisdiction and venue which was filed on the evening of April 15, 2026. The Government's Motion to Dismiss addressing venue and jurisdiction is now ripe for review.

The Petition states that Petitioner is a citizen and national of Honduras in, what is believed to be, civil and administrative detention in custody of ICE. *Id.* ¶ 17. Petitioner was arrested and taken into custody around 12:24 p.m. on Sunday, April 12, 2026, after a traffic stop conducted in or around Putnam County, West Virginia. *Pet*. ¶¶ 1, 16; *Form 1-213*, Gov't's Ex. A, ECF No. 9-1, at 1–2. He was taken to the ICE processing facility in Poca, West Virginia, and, on the same day, he was transported to Pennsylvania. *Gov't's Mem. of L. in Supp. of Mot. to Dismiss ("Gov't's Mem. of L.")* 4, ECF No. 10.

Both parties agree this Petition was filed just after 3:00 p.m. on April 12, 2026, while Petitioner was in transit within the state of West Virginia. *Gov't's Mot*. 2; *Pet'r's Resp. to Mot. to Dismiss ("Pet'r's Resp.")* 2, ECF No. 11.

**LEGAL STANDARD**

District courts may only grant relief associated with a writ for habeas corpus "within their jurisdiction." 28 U.S.C. § 2241(a)). In *Rumsfeld v. Padilla,* 542 U.S. 426 (2004), the Supreme Court developed the "immediate custodian" and "district of confinement" rules, requiring that a petitioner "name his warden as respondent and file the petition in the district of confinement." 542 U.S. 426, 447 (2004). Generally, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443. However, when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Id.* at 450 n.18 (discussing *Demjanjuk v. Meese*, 784 F.2d 1114 (D.C. Cir. 1986)). Accordingly, an exception to the *Padilla* requirements is recognized in that circumstance which is commonly referred to as the "unknown custodian exception." *Suri v. Trump*, No. 25-1560, 2025 WL 1806692, at *5 (4th Cir. 2025). As the Fourth Circuit Court of Appeals has stated, "[t]he unknown-custodian exception is critical because a detainee must always have an available forum for a habeas petition, even if the government doesn't disclose their location." *Id.*

**DISCUSSION**

While the Government argues that the destination of Petitioner's transit, the Western District of Pennsylvania, deprives this Court of jurisdiction and renders is the appropriate location for filing this Petition, Petitioner argues that his last known location, within the Southern District of West Virginia, establishes that this Court has jurisdiction. *Gov't's Mot*. 3–4; *Pet'r's Resp.* 2.

-3-

The Parties disagree as to what was known to Petitioner's next friend and counsel at the time of filing and the importance of such information.

The Government states the following:

> Prior to filing the Petition, Petitioner's counsel contacted ICE and was informed that ICE already left with Petitioner and that they were in route to the Western District of Pennsylvania. Clearly, Respondents were not hiding the potential location of the Petitioner. To travel to the Western District of Pennsylvania, Respondents would have to take I-79 North. Even the most conservative estimate would place the Petitioner outside this district prior to filing the Petition.

*Gov't's Mot.* 3. The Government goes on to say that Petitioner was likely in Morgantown, West Virginia, within the Northern District of West Virginia, at the time of filing. *Id.* 3 n.3. Further, the Government asserts that the immediate custodian of Petitioner was the driver of the vehicle, an individual that the Government does not disclose within its filings or to Petitioner's counsel upon request. *Id.* 4; *Pet'r's Resp.* 9. Petitioner, however, states the following:

> Contrary to Respondents' erroneous assertion, at the time that this Petition was filed, counsel for Petitioner did not know—and had no further reasonable means of ascertaining— whether Petitioner was still present in the Southern District of West Virginia following his arrest that had occurred in this District just hours earlier. In fact, Petitioner had been arrested only *two and-a-half (2.5) hours earlier*, according to Respondents' records. . . . At the time, what counsel knew was that 1) Petitioner had been arrested in the Winfield area late morning and 2) that, per Respondent Kluemper, as of 2:14 P.M., forty-eight (48) minutes prior to the filing of the Petition, Petitioner was "en route" to Moshannon Valley. At the time of filing, counsel had no indication of the time that Petitioner had purportedly left the ICE office. Perhaps Petitioner had been transported out at exactly 2:14 P.M.? Maybe five (5) minutes earlier? Or was Petitioner "en route" at 2:14 P.M. in the sense that he was being processed out of the ICE office into a transport van ready to depart?

*Pet'r's Resp.* 5. (footnotes omitted).

Petitioner's counsel communicated with Mr. Kluemper, Supervisory Detention and Deportation Officer of ICE, after Petitioner's arrest and before the ICE Online Detainee Locator System was updated with Petitioner's location. *Id.* 3. Petitioner states that Mr. Kluemper did not provide an answer as to the timing of Petitioner's departure from Poca, West Virginia, until after

the Petition was filed. *Id.* Rather, Mr. Kluemper stated he did not know and was awaiting responses from three individuals for that information. *Id.* The Government, in Reply, did not address Petitioner's clarification as to the lack of particularized information which definitely countered the Government's initial argument that "Petitioner ha[d] confirmation that Agent Kluemper was not the immediate custodian and the petitioner [was] no longer was in this district[.]" *Gov't's Mem. of L.* 2. Despite Petitioner's counsel's attempt to receive Petitioner's current location, he was not provided with such information.[2]

The Government argues that because Petitioner's current place of confinement and custodian are now known by Petitioner's counsel to be within the Western District of Pennsylvania, that is the appropriate district. *Gov't's Reply* 5, ECF No 13. Further, the Government argues that because Petitioner was in transit before the time of filing of the Petition, the destination of such transit is the appropriate jurisdiction. *Id.* However, both Petitioner's location and custodian were unknown to Petitioner's counsel and next friend at the time the Petition was filed despite counsel's efforts.

While the Government accurately distinguishes some facts in *Suri*, the underlying reasoning still applies whether the Government has a malevolent interest in the transfer of the Petitioner or otherwise. *Gov't's Mem. of L.* 1, 8 ("Unlike the facts in *Suri*, there simply is no evidence that Respondents moved the petitioner to engage in forum shopping or any impropriety."). First, in both cases, at the precise time of filing, the petitioners were not yet

---

[2] Petitioner also notes that the destination Mr. Kluemper provided was incorrect and that he was actually transported to the Cambria County Prison, though also within the Western District of Pennsylvania, which Petitioner's counsel only learned the following day when the ICE Online Detainee Locator System was updated. *Pet'r's Resp.* 3. Petitioner's counsel was not provided an opportunity to directly speak with Petitioner until Tuesday, April 13, 2026, contrary to this Court's Order requiring a call with counsel on Monday, April 12, 2026. *Id.* 6 n.9.

physically present in the districts that the Government contends are proper locations for filing. *Suri*, 2025 WL 1806692, at *4 n.4 (citing 28 U.S.C. § 1406(a)). The Court cannot transfer to a district where the case could not have originally been brought. *Id*; 28 U.S.C. § 1631. Second, the Fourth Circuit clearly states that "if the government moves a detainee from a district and their attorney cannot discover their location with reasonable inquiry, that attorney must be able to file a habeas petition in the detainee's last-known location against their ultimate custodian. Otherwise, that detainee would lack the ability to seek habeas relief as long as the government kept their location and custodian a secret . . .." *Id.* at *6. The Fourth Circuit goes on to reject the Government's argument that the unknown-custodian exception only protects against prolonged lapses in habeas corpus protection through secrecy of holding location, as "even temporary lapses in protections of habeas corpus could result in a detainee's deportation without judicial review." *Id.* The delay in opportunity to challenge detention while a Petitioner is in transit would be unjust given that habeas corpus petitions challenges the lawfulness of the deprivation of the individual's physical liberty interest at the outset of detention. To require Petitioner's counsel to wait for an update to ICE Online Detainee Locator System to identify the location of the Petitioner or for Mr. Kluemper to locate Petitioner, both completely out of Petitioner's counsel's control, would be contrary to the reasoning in *Suri* and completely frustrate the purpose of habeas corpus petitions. The Court agrees that the three district court cases cited by respondents, which applied the destination of transit as the proper location for filing, are distinguishable and contrary to the discussion in the *Suri* decision. *See Pet'r's Reply* 13–14 (citing *Gov't's Mem. of L.* 6).

In each of the three cases recently transferred from the Southern District of West Virginia, the petitions were clearly filed when the petitioners' locations and custodians were known to be outside of this District. *See Gov't's Reply* 3 (citing *Gonzalez Falla v. Oddo*, No. 3:26-cv-00172

(S.D. W. Va. March 11, 2026) (ECF No. 16) (Goodwin, J.); *Gonzalez-Hernandez v. Oddo*, No. 2:26-cv-00179, 2026 WL 672754 (S.D. W. Va. March 10, 2026) (Berger, J.); *Rodriguez-Flores v. Oddo et al.,* No. 3:26-cv-00169, 2026 WL 801273 (S.D. W. Va. March 23, 2026) (Johnston, J.)). The same is not true here.

The unknown custodian exception applies to the facts of this case. Petitioner was arrested within the Southern District of West Virginia, and his last verified location was within the Southern District of West Virginia. Petitioner could not have filed this Petition in the Western District of Pennsylvania and had no reason to believe filing in the Northern District of West Virginia would be appropriate. This District was the only available forum for Petitioner's habeas petition while the location of petitioner and his custodian were unknown. *Suri*, 2025 WL 1806692, at \*5.

This Court has jurisdiction and is the appropriate venue given personal jurisdiction is established, substantial events – including Petitioner's arrest – occurred within this District, and Petitioner does not consent to a venue transfer. *See* 28 U.S.C. §§ 1391(b), 1404(a).

**CONCLUSION**

Accordingly, Respondents' Motion to Dismiss is **DENIED**. ECF No. 9. Respondents do not clearly indicate the line of decision-making authority on detention and transfer of individuals, however, at least one of the named Respondents retains authority to carry out the following directions of the Court. The Government transported Petitioner, within a matter of hours of his arrest, to where it represents that he is currently being held, Cambria County Prison in Pennsylvania. *Gov't's Reply* 5. Cambria County Prison is located roughly five to six hours from Sidney L. Christie U.S. Courthouse in the Southern District of West Virginia. Respondents are **ORDERED** to facilitate the return of Petitioner to the Southern District of West Virginia for the Show Cause Hearing scheduled for tomorrow, Friday, April 17, 2026, at 1:30 p.m. Respondents

-8-

are further **ORDERED** to **IMMEDIATELY** inform the ICE Office of Principal Legal Advisor about this Order. Upon resolution of the Show Cause Hearing, Petitioner will either be released or returned to custody of the Respondents.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:       April 16, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE