**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

FRANKLIN ALEXIS LINAREZ VILCHEZ,

        Petitioner,

v.                                      CIVIL ACTION NO. 3:26-0261

DAVID KLUEMPER,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
TODD M. LYONS,
Acting Director,
United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
Acting United States Attorney General,
in their official capacities,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed by Petitioner Franklin Alexis Linarez Vilchez.[1] *Am. Pet.,* ECF No. 13-1. According to the Petition, Petitioner is in civil and administrative custody being "subject to detention based on a statute – 8 U.S.C. § 1225(b)(2) – that does not apply to him[.]" *Am. Pet.* ¶ 3. Respondents include David Kluemper, Supervisory Detention and Deportation Officer of United States Immigration

---

[1] The Petition was originally filed by and through his next friend and co-worker, Emily Chaffin. ECF No. 1. The Petition was amended once Petitioner's counsel made contact with Petitioner himself. *See Am. Pet.,* ECF No. 13-1.

and Customs Enforcement ("ICE"); John Rife, Field Office Director, Philadelphia Field Office of ICE; Todd M. Lyons, Acting Director of ICE; Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, Acting United States Attorney General, (collectively the "Government"). The Government acknowledges that many of its arguments have been rejected by this Court, however, it raises an expanded argument relating to Petitioner's initial custody determination according to 8 C.F.R. § 236.1, which the Court will address below. *Resp.* 2, 4, ECF No. 15.

For the following reasons and for those stated on the record at the Show Cause Hearing April 17, 2026, the Petition for Writ of Habeas Corpus is **GRANTED**.

The Government previously filed a Motion to Dismiss based on jurisdiction and venue, considering Petitioner was in transit from Poca, West Virginia to the Western District of Pennsylvania at the time the Petition was filed. *See* ECF No. 9. The Court denied the Government's Motion to Dismiss and found the asserted grounds do not deprive this Court of jurisdiction. *See Mem. Op. and Order*, ECF No. 17.

Petitioner is a citizen and national of Honduras. *Am. Pet.* ¶ 9; *Form 1-213*, Gov't's Ex. A, ECF No. 15-1, at 1. Petitioner was arrested within the interior of the United States around 12:24 p.m. on Sunday, April 12, 2026, after a traffic stop conducted in or around Putnam County, West Virginia. *Am. Pet.* ¶ 15; *Form 1-213*. He was taken to the ICE processing facility in Poca, West Virginia, and, on the same day, he was transported to Pennsylvania. See *Mem. Op. and Order* 2–3, ECF No. 17.

The Government admittedly presents the same arguments previously rejected by this Court, *Resp.* 2, which have been uniformly rejected by Courts within this District and rejected by the

majority of others nationwide.[2] The Government puts forth an expanded argument that apprehension, custody, and detention occurred in accordance with procedure 8 C.F.R. § 236.1. *Resp.* 4. Additionally, the Government provides an unsigned warrant[3] made pursuant to § 236 of the Immigration and Nationality Act (INA), codified by § 1226. See *Warrant*, Gov't's Ex. C, ECF No. 15-3. However, the Government continues to take the position that Petitioner is detained pursuant to § 1225(b)(2)(A). *Resp.* 15.

Accordingly, the Court's analysis has not changed. The Court has jurisdiction over the Petition and finds Petitioner is being held pursuant to an inapplicable section of the INA, subject to detention in violation of his due process rights.

---

[2] The brevity of the present Order is a result of this Court's prior consideration and rejection of the same legal arguments presented here. *See Navarette v. Kluemper,* No.  3:26-0244, 2026 WL 948601, at *1–2 (S.D. W. Va. Apr. 8, 2026); *Simanca Gonzalez v. Aldridge,* No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026); *Shailookul Uulu v. Aldridge*, No. 3:26-0076, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026). Courts in this District have uniformly decided against the Government's position and ordered the immediate release of petitioners. *Briceno Solano v. Mason*, No. 2:26-cv-00045, 2026 WL 311624, at *20 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.) ("In this case, the law is clear: the Government violated Petitioner's due process rights."); *Mehari v. Mason*, No. 2:26-cv-00039, 2026 WL 316034, at *3 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.) ("Petitioner's detention is governed by § 1226(a) . . . 'there is no evidence that Petitioner was actively seeking admission into the United States,' as the record indicates that Petitioner entered the United States in 2023, works as a long-haul truck driver, and resides in the United States."); *Gutierrez Aroca v. Mason*, No. 2:26-cv-00057, 2026 WL 357872, at *14 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.) ("Because Petitioners were already present in the United States when detained, they were not 'seeking admission,' and § 1225(b)(2)(A) therefore does not apply."); *Umarov v. Mason*, No. 2:26-cv-00081, 2026 WL 381614, at *5 (S.D. W. Va. Feb. 11, 2026) (Berger, J.) ("[Section 1225(b)(2)] is not applicable to people like [Petitioner], who are arrested far from a border and have lived and formed connections through their lengthy residence in the United States."). Indeed, the majority of courts nationwide reject the Government's position. *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases); *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases); *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *10, *12 (S.D.N.Y. Dec. 17, 2025) (collecting cases).

[3] Contrary to the Government's assertion that the warrant is signed. *Resp.* 4 n. 4.

Accordingly, Petitioner Linarez Vilchez's Petition for Writ of Habeas Corpus is **GRANTED**. *Am. Pet.,* ECF No. 13-1. Respondents are **ORDERED** to **RELEASE PETITIONER IMMEDIATELY**. Respondents are **PROHIBITED** from re-arresting and detaining Petitioner absent significant change in circumstances to justify detention or subject to the determination of a neutral, detached decisionmaker or with prior approval of this Court.[4] At the Show Cause Hearing, the Government represented Petitioner's belongings were present and would be provided to him promptly. Petitioner should raise any arising issues surrounding the return of his possessions by an appropriate request to the Court.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        April 17, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[4] This Order does not address the validity or invalidity of the Notice to Appear ("NTA") or Notice of Internet-Based Hearing, both of which do not purport to cause immediate detention, which the Government argues were served upon Petitioner. *Resp.* 6 (citing *NTA*, Gov't's Ex. B, ECF No. 15-2; *Notice of Internet-Based Hearing*, Gov't's Ex. D, ECF No. 15-4).